IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-000332-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    CHELSEA MINJAREZ,

    Defendant.

---

**ORDER OF DETENTION**

---

    THIS MATTER came before me for a preliminary and detention hearing on October 10, 2018, following the defendant's arrest on alleged violations of pretrial release. Cyrus Chung on behalf of the Government, Jennifer Beck on behalf of the defendant, Mike Bohlen on behalf of pretrial. The government requested detention in this case. The defendant did not dispute there was probable cause to believe she had violated the conditions of her pretrial release. She admitted to using illegal drugs and then absconded from supervision and was on the lam for more than a month, failing to be in contact with her supervising officer. I have considered the Pretrial Services Report and the entire docket.

    In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be

established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including–
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Here, there is probable cause to believe that the defendant had committed the felony offense of distribution of narcotics while on pretrial release. Under 18 U.S.C. §3148 (b)(2)(A) or (B) a person released pretrial who commits a violation of the conditions of release may have the release

2

order revoked and then be detained if the Court finds that there is no combination of conditions that will assure the person will not flee or pose a danger to the safety of any other person or the community, or that the person is unlikely to abide by any condition or combination of conditions of release.   In this case, despite supervising officer who was willing to work with her and provide different options for placement in mental health or drug abuse therapy, Defendant continued to use illegal drugs and then absconded from supervision and was out of contact for more than a month, until she was arrested on the Probation warrant.   The Court finds that she is unlikely to abide by any condition or combination of conditions of release and will order her detained.

Accordingly,

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED: October 25, 2023                                             BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge